**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AMY ELIZABETH TERRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2535** |
| **ORLEANS PARISH JUSTICE CENTER,<br>ET AL.** | **SECTION: "I"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Wexford Health Sources, Inc. and its employee, Dr. Andrea McMahon-Blake. (Rec. doc. 17). Plaintiff has filed no opposition to the motion. Having reviewed the pleadings and the applicable law, the Court recommends as follows.

I.      **Factual Background**

On November 18, 2024, *in forma pauperis* Plaintiff filed her corrected Complaint under 42 U.S.C. § 1983 against five Defendants including Wexford Health Sources, Inc. and Dr. Andrea McMahon-Blake (collectively "Movants"). (Rec. doc. 4). Plaintiff is currently incarcerated at Orleans Justice Center ("OJC"). (*Id.*). She names Wexford as the medical provider for the OJC and Wexford's employee, Dr. McMahon-Blake, as the Medical Director of the OJC. (*Id.*). Plaintiff alleges, *inter alia*, that she received inadequate medical treatment at the OJC. (*Id.*). Specifically, she claims her insulin was discontinued upon processing into the facility, and that she has been denied medical treatment. (*Id.*).

Movants argue that Plaintiff fails to state a claim upon which relief may be granted, so the claims in the Complaint as to Wexford and Dr. McMahon-Blake should be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6).

**II.      Standard for a Motion to Dismiss Under Rule 12(b)(6)**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach used in *Twombly*. *Clofer v. Connick*, Civ. A. No. 23-6268, 2024 WL 4855475, at *2 (E.D. La. Nov. 21, 2024), *appeal dismissed*, No. 25- 30139, 2025 WL 2020968 (5th Cir. Apr. 29, 2025). The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the

complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009). Even a liberally-construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

### III.    Law and Analysis

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Inmates do not have a Constitutional right to the medical treatment they prefer or to the best medical treatment available. *See Baughman v. Garcia*, 254 F. Supp. 2d 848, 988 (S.D. Tex. 2017. And prison officials "are not required to provide treatment that is 'the best that money could buy[.]'" *Id.* (quoting *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992)). An inmate's disagreement with the treatment provided does not amount to a violation of the inmate's Constitutional rights, and a provider's exercise of medical judgment therefore likewise cannot give rise to a Constitutional violation. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977)); *see Tijerina v. Stanley*, 804 F. App'x 277, 278 (5th Cir. 2020) (finding that medical records established that

4

prisoner received treatment, reducing his claim to a disagreement about the treatment provided).   Additionally, a "jail's medical department is not necessarily obligated to implement all aspects of care prescribed or recommended by an outside medical provider or specialist." *Montgomery v. Logsdon,* Civ. A. No. 20-756, 2021 WL 4138361, at *7 (E.D. La. Aug. 13, 2021), *report and recommendation adopted*, Civ. A. No. 20-756, 2021 WL 4133552 (E.D. La. Sept. 10, 2021).

In this case, the crux of Plaintiff's Complaint as to Wexford and Dr. McMahon-Blake is that her insulin was discontinued.  (Rec. doc. 4).  The Complaint sets forth no other facts as to the Movants.  The Complaint is also devoid of any purported injury to Plaintiff resulting from the alleged discontinuation.  In fact, Plaintiff receives continued treatment by the Movants for diabetes.  (Rec. doc. 1701).  At best, the allegation shows that Movants exercised medical judgment, and Plaintiff disagrees with the treatment provided to her.  However, mere disagreement with the treatment provided does not amount to a violation of the inmate's constitutional rights.  *See Young*, 560 F.2d at 201.  Thus, without sufficient allegations, Plaintiff's Complaint fails on its face to state a claim against Movants as she fails to allege any Constitutional violation by Movants regarding any medical treatment provided to her.

### A.  Dr. McMahon-Blake

Medical malpractice does not become a Constitutional violation merely because the victim is a prisoner.  *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to demonstrate deliberate indifference to serious medical needs.  *Id.*  A prison official acts with

5

deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cr. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

"Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle*, 429 U.S. at 107). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "Deliberate indifference 'is an extremely high standard to meet.'" *Id.*; *see also Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (noting that the test of deliberate indifference is a significantly high burden for plaintiffs to overcome.).

Plaintiff has failed to allege any acts or omissions by Dr. McMahon-Blake sufficiently harmful to suggest deliberate indifference to serious medical needs, as required to support her Section 1983 claim. Plaintiff merely alleges that her insulin was discontinued. Plaintiff's Complaint does not at all address any deliberate indifference by Dr. McMahon-Blake. In fact,

6

Plaintiff fails to allege that the discontinuation of her insulin caused her serious harm or that Dr. McMahon-Blake had subjective intent to cause Plaintiff serious harm by the discontinuance. Plaintiff does not set forth any facts to show that Dr. McMahon-Blake had subjective knowledge that discontinuing Plaintiff's insulin was substantially certain to cause Plaintiff serious harm. Therefore, Plaintiff's Complaint does not meet the basic pleading requirements to establish any claim against Dr. McMahon-Blake.

As described above, Plaintiff's Complaint contains only one allegation – that her insulin was discontinued – which alone is insufficient to allege a violation of Plaintiff's Constitutional rights. Plaintiff's Complaint does not "clearly establish" that she has a right to her preferred medical treatment. Further, Plaintiff filed no opposition to Movants' motion to dismiss and thus offered no additional facts or argument to overcome the Movants' defenses.

### B. Wexford

A private company, such as Wexford, which has been hired to run the medical department at a parish jail is treated as a municipal or local governmental entity for the purposes of Section 1983, and, therefore, claims against such a company are analyzed as *Monell* claims. *Montgomery,* 2021 WL 4138361, at *3. In a similar case, Judge Van Meerveld referred to the words of United states District Judge Mary Ann Vial Lemmon who had previously explained:

> "The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability." *Alfred v. Corr. Corp.,* 2009 WL 789649, at *2, n.1 (W.D. La. Mar. 24, 2009) (citing *Monell v. Dep't of Soc. Servs.,*

436 U.S. 658, 694 (1978) (other citations omitted)).  Thus, to establish CorrectHealth's liability under § 1983, [the plaintiff] must prove the existence of a policymaker, an official policy, and a violation of the plaintiff's constitutional rights for which the moving force was the policy or custom.  *See Duvall v. Dall. Cnty.*, Tex., 631 F.3d 203, 209 (5th Cir. 2011); *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).  The requirement of a policymaker, an official policy, and the 'moving force' of the policy, serve to distinguish individual violations by government healthcare contractor employees from those that can be fairly considered actions of the government health contractor itself. *Piotrowski*, 237 F.3d at 578."

*Woodward v. Lopinto*, Civ. A. No. 18-4236, 2021 WL 1969446, at *5 (E.D. La. May 17, 2021);

*accord Carter v. Gautreaux*, Civ. A. No. 19-105. 2020 WL 6251186, at *2 (M.D. La. Oct. 22, 2020) (treating a claim against CorrectHealth East Baton Rouge, L.L.C. as a *Monell* claim);

*Richardson Plaquemines Par. Detention Ctr.*, Civ. A. No. 19-10926, 2020 WL 5217017, at *5 (E.D. La. Aug. 12, 2020) (treating a claim against CorrectHealth Plaquemines, L.L.C. as a *Monell* claim), *report and recommendation adopted*, 2020 WL 5209302 (E.D. La. Sept. 1, 2020).

The Fifth Circuit has noted that in order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).  To satisfy the cause-in-fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the Constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.  *Id.*  The description of a policy or custom and its relationship to the underlying Constitutional violation, moreover, cannot be conclusory; it must contain specific facts.  *Id.*

Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  *Colle v. Brazos Cty.*, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must identify the policy or custom that allegedly caused the deprivation of his Constitutional rights.  *See, e.g., Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003); *Wetzel*, 2009 WL 5125465, at *3.

Here, Plaintiff does not allege that her Constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom.  *See Mongomery*, 2021 WL 4138361, at *3.  Therefore, Plaintiff has failed to state a proper *Monell* claim against Wexford. Accordingly, the instant motion should be granted with respect to the Section 1983 claims against Wexford, and those claims should be dismissed.

## IV.   Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be **GRANTED**, and that Plaintiff's federal Constitutional claims brought pursuant to 42 U.S.C. § 1983 in relation to Movants be **DISMISSED WITH PREJUDICE.**

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___19th___ day of _____May_____, 2026.

_____
          MICHAEL B. NORTH
    **UNITED STATES MAGISTRATE JUDGE**

10